Chief Justice Robbutsok,
delivered the opinion of the court.
This is an action of covenant for the breach of a warranty of the soundness o‘f a slave. The covenant was acknowledged by one of the plaintiff; in error, (Magdalen Taylor,) in her individual right, and describes her as the wife of another of the plaintiffs, (John Taylor.) And the declaration, also,describes her as the wife of the plaintiff, John Taylor.
The plaintiffs filed, a demurrer to the declaration, ■<rnd also filed one special plea, with leave to prove any fact which might have been pleaded.
The circuit court overruled the demurrer,and the jury found a verdict for the defendant in error, plaintiffs below, for damages, on which the court, after overruling a motion for a new trial, rendered judgment.
There is no defect in the declaration, unless the cevenant exhibited on the demurrer, shews that the contract is not obligatory on Mrs. Taylor. It does, in our opinion, shew that Mrs. Taylor was, at its date, the wife of John Taylor. But still, if, under anycircum■stances, a married woman may make a contract which may be legally obligatory on her, it was proper to overrule the demurrer; because, if coverture had been .pleaded, the effect of such a plea might have been ■avoided by replying a fact which would render the covenant obligatory on 'Mrs, Taylor, notwithstanding .her coverture; and therefore, admittingthe coverture, as the issue on the demurrer did, the consequence would not necessarily follow, that the covenant was void as io her, and that, consequently, there was a misjoinder.
It is a general rule, that a contract by a feme covert Imposes no legal obligation on her. But this rule is not universal. A married woman, whose husband is civily dead, may bind herself by contract; and a diwree a mensa et thoro capacitates a wife to make cont-ractswhich may be obligatory on her. See Bacon’s ab. title,Bar. and Feme, M; Kent’s' commentaries. Id? *•6.
Exceptions a i d icasons on which founded.
Effect of a decree for alimón} accord in» to od sec. of an .mt oí 3 «00,1 Dig. 39.
Monroe, for plaintiff
‘The reason for these exceptions is, that the legal do5'" minipn of fa.e husband has ceased or been suspended. But'a voluntary separation will not render a contract by the wife, afier such a separation, obligatory upon her in law; because the martial rights still subsist. .Roper on property, 120-1; Chitty on contracts, 38; Kent’s com. 132.
In this case the husband was not civilly dead or exiled, because he signed the covenant. But he may have been separated from his wife by a decree for alimony; and thus his legal right to-conirol her, may have been taken bom him by the act of the Jaw, and her legal disability to bind herself by contract, as a f -me sole., thereby suspended. “After a decre for alimony, the power of the husband over the wife shall cease and determine, and she shall have a light to use her said alimony, and to acquire, use and dispose of any property whatever, without being subject to the control, molestation or hindrance of her husband, to the, same manner as if she, mas a feme sole.” 3rd section of an act of 1800,1 Dig. 89. ’
This statute cannot, in our opinion, operate effectually, unless the wife, who has obtained a decree for alimony, may make contracts which may be legally-binding on her. As then the covenant may be obligatory on Mrs. Taylor, although she was a married woman, it was not right to overrule the demurrer to the declaration.
But facts were proved on the trial, which authorized the inference, that Mis. Taylor was living with her husband, and was subject to bis control when she sign» cdthe covenant; and therefore, as there was no countervailing fact, the evidence would have sustained a plea of cover*ure. Hence, as the right was reserved to prove any fact which might have been pleaded, the circuit court erred in instructing <he jury that “the only question they had a right to decide, was, whether tin slave was sound and heal ¡i. y;” and consequently, the •vérdict and judgment are erroneous.
Judgment reversed, and cause remanded for a now trial.